# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**WESCO INSURANCE COMPANY,** *et al.*                           **PLAINTIFFS**

**v.**                        **CIVIL ACTION NO. 2:20-CV-160-KS-MTP**

**DARY STRICKLAND,** *et al.*                                       **DEFENDANTS**

## ORDER

Defendant Dary Strickland filed a lawsuit against Defendant S & D Mobile Home Movers, LLC in state court, in which he alleged that he was injured on an S & D job site. Although he avoided representing that he was an employee, contractor, or otherwise worked for S & D, he specifically asserted that his suit was not barred by the Mississippi Worker's Compensation Act's exclusive-remedy provision because S & D did not maintain worker's compensation coverage. *See* MISS. CODE ANN. § 71-3-9.

S & D had two insurance policies in effect at the time of the accident, issued by Plaintiffs. Plaintiffs filed this declaratory-judgment action against Strickland and S & D, asking the Court to find that neither policy provides coverage for the claims Strickland asserted against S & D in state court. They alleged that Strickland was S & D's employee at the time of the accident, and that he was injured while performing his job duties. Plaintiffs asserted that both policies exclude claims by S & D's employees for injuries arising out of their employment.

Strickland filed a Motion to Dismiss [26] or, alternatively, for summary

judgment. Therein, Strickland presented a variety of evidence and argued that he was not S & D's employee at the time of the accident. In response, Plaintiffs presented some evidence from the underlying state-court case, but they also argued that they need to conduct their own discovery in this case. Plaintiffs argued that although they are paying for S & D's defense under a reservation of rights, independent counsel is representing S & D in the state-court case. Accordingly, Plaintiffs contend that their interests here may conflict with their insured's interests, and that they should be permitted to conduct their own discovery.

To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

"The court's review is limited to the complaint, any documents attached to the

complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Ironshore Europe DAC v. Schiff Hardin, LLP*, 912 F.3d 759, 763 (5th Cir. 2019). The Court may also consider matters of public record, *Davis v. Bayless*, 70 F.3d 367, n. 3 (5th Cir. 1995), and any other matters of which it may take judicial notice. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). However, the "district court has complete discretion to either accept or exclude the evidence." *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2008).

Both parties presented materials outside the pleadings. The Court declines to consider any such materials. Accordingly, Rule 12(b)(6)'s standard of review applies, rather than Rule 56.[1]

Strickland argues that he was not S & D's employee, and, therefore, the policy exclusions for claims by employees do not apply. Plaintiffs plainly alleged in their Complaint that Strickland *was* S & D's employee. *See, e.g.* Complaint [1], at 2, 4-5. On a 12(b)(6) motion, the Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes*

---

[1] To the extent Strickland seeks relief in the alternative under Rule 56, the Court finds that Plaintiffs have demonstrated that they "cannot present facts essential to justify [their] opposition to the motion," and the Court denies the motion without prejudice to Strickland's right to raise the issue again after the parties have conducted discovery in this case. FED. R. CIV. P. 56(d).

*Dredge & Dock*, 624 F.3d at 210. Therefore, the Court assumes, for the purpose of addressing the present motion, that Strickland was S & D's employee and **denies** Strickland's Motion to Dismiss [26].

SO ORDERED AND ADJUDGED this 23rd day of June, 2021.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE