IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**WESCO INSURANCE COMPANY,** *et al.*                    **PLAINTIFFS**

**v.**                                 **CIVIL ACTION NO. 2:20-CV-160-KS-MTP**

**DARY STRICKLAND,** *et al.*                            **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **denies** Plaintiffs' Motion for Summary Judgment [88], **denies** Defendant S & D Mobile Home Movers, LLC's Motion for Summary Judgment [90], and **denies** Defendant Dary Strickland's Motion for Summary Judgment [92].

### I. BACKGROUND

The Court discussed the background of this case in a previous order. *See Wesco Ins. Co. v. Strickland*, 2021 WL 2583543, at *1-*2 (S.D. Miss. June 23, 2021). Defendant Dary Strickland filed a lawsuit against Defendant S & D Mobile Home Movers, LLC in state court, alleging that he was injured on an S & D job site. At the time of the accident, S & D had two insurance policies in effect, issued by Plaintiffs. Plaintiffs filed this declaratory-judgment action against Strickland and S & D, asking the Court to declare that they have no duty to defend or indemnify S & D against Strickland's claims.

The parties filed cross-motions for summary judgment. It appears to be undisputed that the policies at issue do not provide coverage for claims asserted by

employees for injuries suffered while performing their duties for the employer. Therefore, Plaintiffs argue that Strickland was an employee injured while doing his job, while Defendants argue that he was 1) not working for S & D at the time of the accident, and 2) at other times hired as an independent contractor.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra*

*Club*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

When, like here, parties file cross-motions for summary judgment, the Court is not required to finally resolve the case by granting summary judgment in favor of one side or the other. *Joplin v. Bias*, 631 F.2d 1235, 1237 (5th Cir. 1980). Rather, each motion is addressed on its own merits under the applicable standard. *Id.*

### II. PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [88]

Plaintiff Wesco Insurance Company issued Policy #WPP158863200 (the "Wesco Policy") to Defendant S & D Mobile Home Movers, LLC. Exhibit B to Complaint [1-3], at 6. The Wesco Policy provides commercial auto coverage, *id.* at 10, and it was effective at the time of the accident which is the subject of Defendant Strickland's state-court suit against Defendant S & D. *Id.* at 6. However, the Wesco Policy excludes from coverage all "'[b]odily injury' to . . . [a]n 'employee' of the 'insured' arising out of and in the course of: (1) Employment by the 'insured'; or (2) Performing the duties related to the conduct of the 'insured's' business . . . ." *Id.* at 33. The policy's definition of an "employee" includes "leased workers," but does not include "temporary workers." *Id.* at 40. The policy provides no further definition of the term "employee."

Plaintiff Amtrust International Underwriters DAC issued Policy

3

#PAL1273981-00 (the "AmTrust Policy") to Defendant S & D Mobile Home Movers, LLC. Exhibit C to Complaint [1-4], at 2. The AmTrust Policy provides general liability and property coverage, and it was effective at the time of the accident which is the subject of Defendant Strickland's state-court suit against Defendant S & D. *Id.* However, like the Wesco Policy, the AmTrust Policy excludes from coverage all "'[b]odily injury' to . . . [a]n 'employee' of the insured arising out of and in the course of: (a) Employment by the insured; or (b) Performing duties related to the conduct of the insured's business . . . ." *Id.* at 11. The definition of an "employee" includes "a . . . 'volunteer worker.'" *Id.* at 41. The AmTrust Policy defines a "volunteer worker" as "a person who is not your 'employee,' and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you." *Id.* at 25. The AmTrust Policy provides no further definition of the term "employee."

Plaintiffs argue that Strickland was injured while performing his duties as an employee of S & D, and, therefore, the policies exclude such claims from coverage. In response, Defendants argue that Strickland was not performing any work for S & D at the time of the accident, and that he was not S & D's "employee" as defined in the policies or otherwise. It appears to be undisputed that the policies would exclude Strickland's claims against S & D from coverage if he was an employee of S & D injured in the course of that employment or performing duties

related to S & D's business.

### A. *Applicable Law*

To determine whether an insurance company has a duty to defend its policyholder against suit, the Court looks "at the facts alleged in the complaint, together with the policy." *Auto. Ins. Co. of Hartford v. Lipscomb*, 75 So. 3d 557, 559 (Miss. 2011). "[A]n insurer's duty to defend is triggered when the allegations of the complaint reasonably bring a claim within the coverage of its policy." *Carl E. Woodward, LLC v. Acceptance Indem. Ins. Co.*, 749 F.3d 395, 398 (5th Cir. 2014). There is no duty to defend if "the alleged conduct falls outside the policy's coverage," but if the insurer "becomes aware that the true facts, if established, present a claim against the insured which potentially would be covered under the policy, the insurer must provide a defense until it appears that the facts upon which liability is predicated fall outside the policy's coverage." *Lipscomb*, 75 So. 3d at 559.

"Unlike the duty to defend, which can be determined at the beginning of a lawsuit, an insurer's duty to indemnify generally cannot be ascertained until the completion of the litigation, when liability is established, if at all." *Estate of Bradley v. Royal Surplus Lines Ins. Co.,*, 647 F.3d 524, 531 (5th Cir. 2011). "This is because, unlike the duty to defend, which turns on the pleadings and the policy, the duty to indemnify turns on the actual facts giving rise to the liability in the underlying suit, and whether any damages caused by the insured and later proven at trial are covered by the policy." *Id.* However, as the "duty to defend is broader than the

5

insurer's duty to indemnify . . . [i]t necessarily follows that there can be no duty to indemnify in the absence of a duty to defend." *Nat'l Fire & Marine Ins. Co. v. Shirley*, 2018 WL 4212411, at *2 (S.D. Miss. Sept. 4, 2018) (quoting *Tudor Ins. Co. v. Manchester Educ. Found., Inc.*, 2013 WL 228023, at *2 (S.D. Miss. 2013)); *see also Evanston Ins. Co. v. Neshoba County Fair Ass'n, Inc.*, 442 F. Supp. 2d 344, 346 n. 1 (S.D. Miss. 2006); *Wesco Ins. Co. v. Archer Landscape Group, LLC*, 2018 WL 6112411, at *4 (N.D. Miss. Nov. 21, 2018).

The Court's ultimate goal in applying an insurance policy is to "render a fair reading and interpretation of the policy by examining its express language and applying the ordinary and popular meaning to any undefined terms." *Corban v. United Servs. Auto. Ass'n*, 20 So. 3d 601, 609 (Miss. 2009). "In Mississippi, insurance policies are contracts, and as such, they are to be enforced according to their provisions." *Id.*

> First, where an insurance policy is plain and unambiguous, a court must construe that instrument, like other contracts, exactly as written. Second, it reads the policy as a whole, thereby giving effect to all provisions. Third, it must read an insurance policy more strongly against the party drafting the policy and most favorably to the policy holder. Fourth, where it deems the terms of an insurance policy ambiguous or doubtful, it must interpret them most favorably to the insured and against the insurer. Fifth when an insurance policy is subject to equally reasonable interpretations, a court must adopt the one giving the greater indemnity to the insured. Sixth, where it discerns no practical difficulty in making the language of an insurance policy free from doubt, it must read any doubtful provision against the insurer. Seventh, it must interpret terms of insurance policies, particularly exclusions clauses, favorably to the insured wherever reasonably possible. Finally, although ambiguities of an insurance policy are construed against the insurer, a court must refrain from

altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured.

*Nationwide Mut. Ins. Co. v. Lake Caroline, Inc.*, 515 F.3d 414, 419 (5th Cir. 2008);

*see also Corban*, 20 So. 3d at 609.

## B.   *Effect of the State-Court Complaint*

First, Plaintiffs argue that Strickland alleged in state court that S & D was liable to him because he was its employee, and Plaintiffs contend that this constitutes a binding judicial admission. Strickland alleged:

> The Defendant, S & D, owns and operates a mobile home moving company located in Heidelberg, Mississippi. At the time of the accident, S & D did not maintain workers compensation coverage and, as such, this claim is not bound by the exclusive remedy contained in Miss. Code Ann. § 71-3-9 and the Defendant has lost the defenses of contributory negligence and assumption of the risk of employment.

Exhibit A to Complaint [1-2], at 2. Strickland further alleged:

> S & D and its workers were moving a mobile home for Willie Jordan when the mobile home toter and mobile home became stuck in soft wet ground and the mobile home tilted and became wedged against a tree. Mr. Jordan called [Strickland] to help get his mobile home off the tree and unstuck.

*Id.* Strickland made no specific allegations regarding his employment status.

The Fifth Circuit provided the following definition of a judicial admission:

> A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. A statement made during the course of a lawsuit – even a statement made in a pleading filed with the court – should be considered a judicial admission only if it was made intentionally as a waiver, releasing the opponent from proof of fact.

*Mays v. Director, Office of Workers' Compensation Programs*, 938 F.3d 637, 647 (5th

7

Cir. 2019) (punctuation omitted) (quoting *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001)).

The language from Strickland's state-court complaint quoted above does not appear to have been an intentional waiver, releasing Plaintiffs from the burden to prove that Strickland was injured in the course of employment by S & D. Indeed, Strickland never explicitly alleged that he was an employee of S & D, or even that he was performing work for S & D. Although there was no reason for Strickland to mention the exclusivity provision of the Mississippi Workers' Compensation Act if he was not injured while employed by S & D, he alleged that the reason he was at S & D's job site was because its customer contacted him and asked for help. At most, Strickland's pleading was imprecise and, therefore, ambiguous on this issue. Therefore, the Court declines to construe Strickland's state-court complaint as a judicial admission that he was injured in the course of employment by S & D.

## C. *The Evidence*

Plaintiffs also argue that the evidence gathered during discovery proves that Strickland was S & D's employee, and that he was injured while working for S & D. Therefore, Plaintiffs contend that Strickland's claims against S & D are excluded from coverage.

### 1. *Whether Strickland Was Injured While Working for S & D*

Both policies exclude claims for bodily injury to an employee of the insured arising out of and in the course of the claimant's employment by the insured or

8

performance of duties related to the insured's business. *See* Exhibit B to Complaint [1-3], at 33; Exhibit C to Complaint [1-4], at 11. The record contains evidence from which a jury could reasonably conclude that Strickland was not working for S & D at the time of his injury.

First, S & D's owner, Tashiana Dean, testified that Strickland was not working for S & D in any capacity on the date of the accident. Exhibit 2 to Motion for Summary Judgment [92-2], at 3. She also testified that Strickland did not receive any payment or compensation for the day he was at the scene of the accident, and that he was not working as a lease worker, volunteer worker, or independent contractor. *Id.* at 3-4. According to Dean, she did not even know Strickland was at the job site until the accident occurred. *Id.* at 5.

Next, Strickland testified that the only reason he was there was because S & D's customer, Willie Jordan, called him because Jordan was scared S & D would damage the mobile home. Exhibit 4 to Motion for Summary Judgment [92-4], at 4. Jordan corroborated Strickland's testimony on this point. Exhibit 6 to Motion for Summary Judgment [92-6], at 2-3. Strickland denied that he was working for S & D, and that he received any compensation for being there. Exhibit 4 to Motion for Summary Judgment [92-4], at 6.

This evidence creates a genuine dispute of material fact as to whether Strickland's injury arises out of work for S & D or the performance of duties related to S & D's business. Therefore, the Court must deny Plaintiffs' motion.

2.  *Whether Strickland was an Employee*

Plaintiffs argue that Strickland was S & D's employee. In response, Defendants argue that Strickland was an independent contractor. Mississippi employs a multi-factored balancing test to determine whether one is an employee or an independent contractor. *See, e.g. Miss. Emp. Sec. Comm'n v. PDN, Inc.*, 586 So. 2d 838, 841-42 (Miss. 1991). The Court considers:

(1) The extent of control exercised over the details of the work;

(2) Whether or not the one employed is engaged in a distinct occupation or business;

(3) The skill required in the particular occupation;

(4) Whether the employer supplies the tools and place of work for the person doing the work;

(5) The length of time for which the person is employed;

(6) The method of payment, whether by the time or by the job; and

(7) Whether or not the work is a part of the regular business of the employer.

*Id.* This analysis "is considered on a case-by-case basis. It is a flexible inquiry with no talismanic formula to be mechanically applied. The primary factor is the right to or degree of control." *Handyman House Techs, LLC v. Miss. Dep't of Emp. Sec.*, --- So. 3d ---, 2022 WL 1013266, at *5 (Miss. Apr. 5, 2022).

The record contains evidence from which a jury could reasonably conclude that Strickland was an independent contractor, rather than an employee. First, Tashiana Dean testified that she was the owner and only employee of S & D.

10

Exhibit 2 to Motion for Summary Judgment [92-2], at 2. She specifically described Strickland as an independent contractor. *Id.* at 3. She also testified that when she received a call for a job, she called one of the people who worked for her, told them where the mobile home was, and where it needed to be moved. Exhibit 3 to Motion for Summary Judgment [92-3], at 3, 8. She did not arrange for their transportation to and from the job site. *Id.* at 3. She did not select each member of the work crew; rather, she relied on those she hired to bring their own labor. *Id.* at 8. She paid them by the job. *Id.* at 8, 15. They brought their own tools. *Id.* at 9. She testified that she did not participate or have any control over how the work was done. *Id.* at 10, 15. In fact, Dean testified that she never visited the job sites during or after the work, *id.* at 10, and that she was not at the job site when Strickland was injured. *Id.* at 12.

This evidence creates a genuine dispute of material fact as to whether Strickland was S & D's employee or an independent contractor. Therefore, the Court must deny Plaintiffs' motion.[1]

### III. S & D'S MOTION FOR SUMMARY JUDGMENT [90]

Defendant S & D filed a Motion for Summary Judgment [90] in which it

---

[1] The AmTrust policy differs from the Wesco policy in that its definition of an "employee" includes "a . . . 'volunteer worker.'" Exhibit C to Complaint [1-4], at 41. A "volunteer worker" is "a person who is not your 'employee,' and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you." *Id.* at 25. This difference between the policies appears to be irrelevant to the issues presented by the parties' motions because to be excluded from coverage, Strickland would still have had to have been injured in the course of working for S & D or performance of duties related to the insured's business.

11

asked the Court to grant summary judgment in its favor, dismiss Plaintiffs' claims, and find that Strickland was not its employee. In response, Plaintiffs apparently argue that Strickland was S & D's employee by function of law, citing certain Mississippi rules regulating mobile home movers. Plaintiffs also argue that the evidence demonstrates that Strickland was an employee, rather than an independent contractor.

### A.   *Licensing Requirements*

First, the licensing statutes and regulations cited by Plaintiffs in response to S & D's motion are inapposite. Plaintiffs have not directed the Court to any provision of the licensing requirements for mobile home movers which provides that all workers hired by licensed mobile home movers are, as a matter of law, employees, rather than independent contractors. In briefing, Plaintiffs suggest that Defendants were in violation of state licensing requirements if Strickland was, in fact, an independent contractor. This Court has no opinion on that issue, as it is not presented by the instant motions.

### B.   *The Evidence*

S & D argues that the evidence demonstrates that Strickland was not its employee at the time of the accident. In response, Plaintiffs argue that the evidence demonstrates that Strickland was S & D's employee.

Plaintiffs provided evidence that Strickland is an additional insured on one of S & D's insurance policies. Exhibit B to Complaint [1-3], at 18. Strickland was

12

authorized to sign checks from S & D's account, and on multiple occasions he either wrote himself checks from S & D's account or wrote checks to cash. Exhibit D to Motion for Summary Judgment [88-4], at 124-58. He sometimes wrote checks for S & D's business expenses, such as supplies, equipment, or wages paid to workers. *Id.* at 137-40; Exhibit G to Response [98-7]. He made deposits into S & D's account. Exhibit D to Motion for Summary Judgment [88-4], at 111-12. He also posted advertisements for S & D on social media. *Id.* at 404-32.

Plaintiffs also presented evidence that Tashiana Dean does, in fact, supervise the work done by those whom she hires. Specifically, Dean represented in an e-mail to a claims adjuster on an unrelated claim that she "took the guys down there to finish setting up a home." Exhibit E to Motion for Summary Judgment [88-5], at 2. She specifically represented that she "told [her worker] to do what was needed to complete the job," and that she was "overseeing/providing direction for the job." *Id.* at 3. She also represented to the adjuster that S & D provided the tools for the job. *Id.* Likewise, Dean testified that she controlled which jobs S & D took, how much it was going to charge, and who was going to perform the work. Exhibit B to Motion for Summary Judgment [88-2], at 139-40; *see also* Exhibit D to Motion for Summary Judgment [88-4], at 105. Another worker for S & D testified that Dean would typically come out to the job site and "walk around and look, check everything out." Exhibit A to Motion for Summary Judgment [88-1], at 62.

Finally, although Defendants maintain that Strickland was not working for S

13

& D on the day of the accident, Plaintiffs provided evidence that Dean wrote a check from S & D's account to Strickland for $300.00 several days after the accident – when Strickland was injured and purportedly unable to work – and she wrote "payroll" in the memo line. Exhibit G to Response [98-7], at 4. In fact, Lafreddrick Dove – who it is undisputed was working for S & D at the job site where Strickland was injured – testified that Strickland was in charge of the workers at the time the accident occurred. Exhibit A to Motion for Summary Judgment [88-1], at 80.

All this evidence creates genuine disputes of material fact as to 1) whether Strickland was working for S & D at the time of his injury; 2) the degree of involvement Strickland had in the business of S & D, which is relevant to determining whether he was an independent contractor or an employee; and 3) the degree of control S & D exerted over its workers, which is relevant to whether Strickland was an independent contractor or an employee. Therefore, the Court must deny S & D's Motion for Summary Judgment [90].

## IV. STRICKLAND'S MOTION FOR SUMMARY JUDGMENT [92]

Defendant Dary Strickland filed a Motion for Summary Judgment [92] in which he asked the Court to grant summary judgment in his favor, dismiss Plaintiffs' claims, and find that he was not S & D's employee. In response, Plaintiffs apparently argue that Strickland was S & D's employee by function of law, citing certain Mississippi rules regulating licensed mobile home movers. Plaintiffs also argue that the evidence demonstrates that Strickland was an employee, rather than

14

an independent contractor.

### A.   *Licensing Requirements*

The Court rejects Plaintiffs' argument in response related to Mississippi's licensing requirements for mobile home movers, for the same reasons provided above.

### B.   *Plaintiffs' 30(b)(6) Deposition*

Strickland argues that Plaintiffs' representative admitted that he did not meet either policy's definition of an "employee," and Strickland argues that this admission is binding on Plaintiffs. As noted above:

> A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. A statement made during the course of a lawsuit – even a statement made in a pleading filed with the court – should be considered a judicial admission only if it was made intentionally as a waiver, releasing the opponent from proof of fact.

*Mays*, 938 F.3d at 647. Plaintiffs' representative merely read into the record the relevant portions of the policies. *See, e.g.* Exhibit 1 to Motion for Summary Judgment [92-1], at 8-9, 25. It is clear from her testimony that it was not intended to waive any issue. Moreover, the interpretation of contracts is a question of law, rather than fact, and Plaintiffs' 30(b)(6) representative's opinion on the topic is irrelevant. *Accident Ins. Co. v. Deep South Roofing, LLC*, 2021 WL 3641457, at *2 (S.D. Miss. Aug. 17, 2021) (citing *Gainnie v. McMillin*, 138 So. 3d 131, 135 (Miss. 2014)).[2]

---

[2] Strickland also argues that Plaintiffs' representative admitted that Strickland was not seeking

15

## C.   *The Evidence*

Next, Strickland argues that the evidence demonstrates that he was not working for S & D on the date of his accident. For the same reasons provided above in its discussion of S & D's motion, the Court finds that there is a genuine dispute of material fact on this issue.

Strickland also argues that the evidence in the case proves that S & D only hires independent contractors, and that its owner, Tashiana Dean, exerted no control over the work. For the same reasons provided above in its discussion of S & D's motion, the Court finds that there is a genuine dispute of material fact on this issue.

For these reasons, the Court denies Defendant Dary Strickland's Motion for Summary Judgment [92].

## V. CONCLUSION

The Court **denies** Plaintiffs' Motion for Summary Judgment [88], **denies** Defendant S & D Mobile Home Movers, LLC's Motion for Summary Judgment [90], and **denies** Defendant Dary Strickland's Motion for Summary Judgment [92].

SO ORDERED AND ADJUDGED this 7th day of April, 2022.

                                                   /s/       Keith Starrett
                                                   KEITH STARRETT
                                   UNITED STATES DISTRICT JUDGE

---

worker's compensation damages, which Strickland apparently contends is a judicial admission that he was not an employee. Once again, the Court finds that it is clear Plaintiffs did not intentionally waive this issue.